UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JUDY W. SOLEY,

                         Plaintiff,

    v.

PETER J. WASSERMAN,

                         Defendant.
------------------------------------------------------X

CIVIL ACTION NO.
08-CV-9262 (KMW)(FM)

**DEFENDANT'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE MAAS' AUGUST 11, 2011 REPORT AND RECOMMENDATION**

Defendant Peter J. Wasserman ("Wasserman"), by his undersigned counsel and pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), respectfully submits the following limited Objections to the August 11, 2011 Report and Recommendation of Magistrate Judge Frank Maas (the "Report").

1.     Magistrate Judge Maas' Report follows nearly three (3) years of unwarranted and inappropriate efforts by plaintiff to involve this Court in the "adjudication" of intra-family issues which, this Court has generally agreed on multiple occasions and in multiple writings, variously occurred several decades ago and do not state legal claims for relief. Defendant, a retired 69 year old resident of California, has been required to defend against plaintiff's initial 23-page 147-paragraph, conclusory and unparticularized complaint, the principal damage claim of which concerned a 1981 loan agreement which, pursuant to plaintiff's own allegations, was allegedly breached by defendant in 1982, more than twenty-five (25) years before the claim was asserted. Following dismissal of that claim, and others, consistent with established principles of law in this Court, plaintiff was given leave to amend her complaint. In granting that leave, however, the Court specifically noted that:

> "In repleading, plaintiff should be mindful of the requirement for a 'short and plain statement of the claim'. Rule 8(a)(2). If possible

{00033947.}

> the parties should try to resolve this matter as family disputes are not best addressed in federal litigation." (Docket No. 18)

Plaintiff elected to ignore both the Court's directives and defendant's entreaties and efforts to discuss a resolution, and filed her 104-paragraph, 27-page Amended Complaint in May, 2010 (Docket No. 20). The transcript of proceedings in this case on May 26, 2010, especially the colloquy between and among the Court and counsel concerning plaintiff's failure to respond to defendant's settlement overtures and defendant's efforts to avoid the need to prepare and file a second dismissal motion in its entirety, is noteworthy. Not only does that transcript confirm plaintiff's disregard of Judge Crotty's counsel concerning settlement, but also that upon being advised of various claimed deficiencies of the amended complaint, plaintiff was specifically offered another chance to revise it. As the transcript of that conference reflects, plaintiff's counsel declined, conceding:

> "…if I was given another chance [to further amend the complaint], I don't think there is anything that I would do differently. So I am going to stand on it."

(Docket No. 23, May 26 Tr. at 6).

Plaintiff has had ample time and opportunities to utilize the Courts to seek legal redress of whatever motivates her animus toward her brother. Accordingly, defendant respectfully objects to so much of the Report as either would deny, *sub silentio*, or fail to adjudicate defendant's specific request in his motion to dismiss that plaintiff not be permitted to replead or further amend claims that have been dismissed. See Defendant's July 6, 2010 Memorandum of Law at Point Seven, pp. 22-24. Failure to include such a provision in this Court's Order would only risk further abuse of defendant from this unnecessary and unfair litigation.

2.      The Report will, if adopted, result in dismissal of all of plaintiff's claims, except for so much of plaintiff's fourth cause of action in her May, 2010 Amended Complaint as seeks an accounting with respect to plaintiff's investment in Patriot Partners, L.P. See Report at 35-36; 37. There are numerous defenses to such a claim which will be framed by the pleadings and developed through discovery. The Report is not, and could not have been intended to be, any adjudication of plaintiff's accounting claim in respect of Patriot Partners, or a determination that she did not receive, or is presently entitled to, such an accounting. While that may seem obvious, in order to avoid any potential for a contrary contention, defendant respectfully objects to the Magistrate Judge's statement at page 36 in the Report that "Soley is entitled to an accounting with respect to [Patriot] Partners and the subsequent partnership-at-will". Soley will be entitled to the equitable remedy of an accounting if and only if she prevails on a cause of action which defendant has not yet answered and in respect of which defendant has had no opportunity to engage in discovery to test plaintiff's allegations. Defendant expects to show, following completion of the pleadings, discovery and motion practice and/or trial as may be appropriate, that plaintiff was timely provided (years ago) all appropriate accounting and documentation to which she was entitled, that, in fact, plaintiff and defendant agreed long ago that plaintiff is owed no money from Patriot Partners, that Wasserman did not breach any fiduciary duty to plaintiff, and that plaintiff is not entitled to the equitable remedy of an accounting.

3.      Finally, because plaintiff's complaint and amended complaint each so failed to satisfy the required good faith basis for asserting only claims well-grounded in fact and law, defendant respectfully requests that the Court's Order also award defendant recovery of his attorneys' fees and costs of his (second) successful motion to dismiss.

3

{00033947.}

Except as set forth herein, defendant respectfully urges this Court to adopt the Magistrate Judge's August 11, 2010 Report and Recommendation.

Dated:    New York, NY
            August 25, 2011

Respectfully submitted,

TOFEL & PARTNERS, LLP

By: _____
Lawrence E. Tofel
730 Third Avenue, 25th Floor
New York, NY 10017
(212) 752-0007
*Attorneys for Defendant*

To:    Lesli Wybiral, Esq.
       Louis F. Burke, P.C.
       460 Park Avenue, 21st Floor
       New York, NY 10022
       *Attorneys for Plaintiff*