UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDY W. SOLEY,

        Plaintiff,

v.

PETER J. WASSERMAN,

        Defendant.

Civil Action No.
08-CV-9262 (KMW) (FM)

**PLAINTIFF'S OBJECTIONS TO THE RECOMMENDATION
OF THE MAGISTRATE JUDGE ON DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## I.    INTRODUCTION AND BACKGROUND

Defendant Peter J. Wasserman ("Wasserman" or "Defendant") moved to dismiss Plaintiff Judy W. Soley's ("Soley" or "Plaintiff") amended complaint ("Am. Cmplt.") based on, *inter alia*, her alleged failure to state a claim for breach of contract, breach of fiduciary duty, common law fraud and an accounting. (See Report and Recommendation of Magistrate Judge Maas ("R&R") at 2.) After briefing was concluded, the R&R was issued, recommending that the Court deny Defendant's Rule 12(b)(6) motion with respect to certain aspects of Plaintiff's accounting claim, but dismiss the remainder of her claims. (*Id*.) For the reasons stated herein, Plaintiff respectfully objects to the R&R recommendations to dismiss her claims.

## II.    STANDARD OF REVIEW

Plaintiff generally agrees that the standard of review for a motion such as Defendant's herein is as stated in the R&R. Since the Magistrate Judge has recommended the granting of the majority of Defendant's Motion to Dismiss on the pleadings, this Court must make a *de novo* determination of the Magistrate Judge's R&R pursuant to 28 U.S.C. § 636(b)(1).

## III. PLAINTIFF STATES A VALID CLAIM FOR BREACH OF CONTRACT

The R&R recommends dismissal of Plaintiff's breach of contract claim under an implied-in-fact contract analysis because Plaintiff allegedly failed to sufficiently describe a course of conduct that would define the contract's terms. (R&R at 21) But, because it is a factual matter as to whether an implied-in-fact contract exists and, if it does, the extent of its terms, dismissal of Plaintiff's breach of contract claim at this stage would be inappropriate. *See, Rocky Point Properties, Inc. v. Sear-Brown Group, Inc.*, 295 A.D.2d 911, 912 (4th Dept. 2002) (reversing trial court's grant of defendant's motion for partial summary judgment, finding a triable issue of fact existed as to the terms of alleged implied-in-fact contract.); *Berlinger v. Lisi*, 288 A.D.2d 523, 525 (3rd Dept. 2001) (affirming trial court's denial of defendant's motion to dismiss breach of contract claim because questions of fact as to whether or not a contract existed, and whether that contract was an express oral one or an implied-in-fact contract).

Plaintiff is not required to provide detailed factual allegations concerning the existence of an implied-in-fact contract. *Ashcroft v. Iqbal*, ____U.S. _____, 129 S.Ct. 1937, 1949 (2009). It is sufficient that Plaintiff allege that through her relationship with Defendant the conduct of the parties demonstrates that Defendant agreed to act and indeed acted as Plaintiff's financial advisor. "An agreement implied in fact is founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996); *see also Jemzura v. Jemzura*, 36 N.Y.2d 496, 503-504 (1975); *Watts v. Columbia Artists Mgmt, Inc.*, 188 A.D.2d 799, 801 (3rd Dept. 1992).

The R&R fails to acknowledge the facts alleged in Plaintiff's amended complaint which support the finding of an implied-in-fact contract stemming from the course of conduct, dealings,

and transactions between the parties.  Plaintiff and Defendant maintained a relationship through which Defendant provided financial guidance to Plaintiff.  (Am. Cmplt., ¶ 8)  For example:

- Wasserman persuaded Soley to open new accounts with brokerage firms that Wasserman preferred (Am. Cmplt., ¶ 8);
- Soley designated Wasserman as her agent for those accounts, which allowed Wasserman full trading authority (*id*.);
- Soley directed the brokerage firms to use Wasserman as their primary contact and to send original account statements to Wasserman, with copies to Soley (*id*.); and
- Jerry Neuman and Marty Vegh of Starr Securities, Inc. conducted their entire relationship with Soley through Wasserman.  She had no contact with either of them (Am. Cmplt., ¶ 11).

This relationship created an implied-in-fact contract pursuant to which Defendant agreed to provide accurate and correct information regarding Plaintiff's financial affairs.  In determining whether such a contract exists, the court considers whether the meeting of the minds is indicated by some "intelligible conduct, act or sign."  *Baltimore & O.R. Co. v. U.S.*, 261 U.S. 592, 598 (1923).  The fact that Plaintiff conferred upon the Defendant a right to act on her behalf in binding her to any number of contractual and/or financial obligations is certainly an intelligible sign that Plaintiff relied on Defendant to provide complete and accurate information regarding her financial affairs.

As Defendant failed to act in accordance with the implied terms of the parties' contract, Plaintiff states a valid cause of action for breach of contract.

## IV.    PLAINTIFF STATES A VALID CLAIM FOR BREACH OF FIDUCIARY DUTY

The R&R states that "there is no question that Wasserman had a fiduciary relationship with Soley insofar as he was the general partner of Partners and she was a limited partner. (R&R at 25)  The R&R summarily refutes the existence of a fiduciary relationship between Plaintiff and Defendant with respect to Patriot Group "because Soley merely loaned that entity money." (R&R at 26).  The R&R overlooks Plaintiff's allegation that her loans to Patriot Group made her the owner of a beneficial interest, not a mere lender. (Am. Cmplt., ¶ 28)  On page one of the "Certificate" delivered to Patriot Group's counsel prior to its issuance of a legal opinion, partners Wasserman and John Soley, as well as Plaintiff, "certifie[d], represent[ed] and warrant[ed]" that:

> Other than the persons whose names are set forth in paragraph 2 above, no person or entity has any direct or indirect ownership interest, financial or otherwise, in Patriot, including, without limitation, management fees based on the performance of Patriot, *except that Judy W. Soley has loaned funds to Patriot which may be deemed to constitute a beneficial interest in Patriot.*  (Emphasis added.)[1]

Patriot Group was a partnership. (R&R at 36).  The analysis used by the Magistrate Judge to find a fiduciary relationship between Plaintiff and Defendant as to Patriot Partners also applies to Patriot Group, *i.e.* Wasserman had a fiduciary relationship with Soley insofar as he was a partner in Patriot Group and she held a beneficial interest in the partnership.

Furthermore, a "fiduciary relationship" embraces not only those the law has long adopted -- such as trustee and beneficiary -- but also more informal relationships where it can readily be seen that one party reasonably trusted another . . . close friends [for example]." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150-51 (2d Cir. 1993)) (citations omitted). Here, the relation between Plaintiff and Defendant was one of trust and confidence as a matter of fact.  For example, in a Patriot Group-related email to Defendant dated February 25, 2007,

---

[1] A copy of the "Certificate" is annexed to Plaintiff's original Complaint as Exhibit L.

4

Plaintiff wrote: "[o]ver the years I have invested and loaned you a lot of money. I completely trusted you. However, it appears that only you benefited from this relationship and I have lost a substantial amount of money." (Am. Cmplt., ¶ 44) It can readily be seen that Plaintiff reasonably trusted Defendant by the fact that Plaintiff conferred upon him a right to act on her behalf in binding her to any number of contractual and/or financial obligations.

The R&R recommends dismissal of Plaintiff's breach of fiduciary duty claim because "none of Soley's nonconclusory allegations suffices to establish both the second and third elements of a breach of fiduciary duty claim." (R&R at 27) This recommendation should be rejected. "A fiduciary relationship exists . . . 'when one [person] is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation.'" *Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 599 (2d Cir. 1991) (quoting *Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162 (1st Dep't 1987)) (alteration in original). Defendant had a duty to advise and provide Plaintiff with complete and accurate information as to the financial affairs she entrusted to him. Plaintiff has plainly alleged that Defendant breached this duty. (Am. Cmplt. ¶¶ 20-23, 29-44)

Lastly, the R&R concludes that the "Amended Complaint is utterly devoid of any allegations from which the Court could infer that Soley has suffered any financial loss as a result of Wasserman's alleged misconduct relating to her investment accounts." (R&R at 28) As to Patriot Group, the R&R states that "Soley has failed to establish . . . that Wasserman owed her any fiduciary duties with respect to this account or the loan transaction." (R&R at 28) However, as discussed above, Plaintiff alleges facts sufficient to establish the existence of a Patriot Group-related fiduciary relationship. As to Patriot Partners, the R&R states that "Soley has failed to set forth any facts from which one could infer that Partners did not lose money after

5

she made her capital contributions and, therefore, had sums beyond those that Wasserman returned to her in 2004 and 2006 to which she is entitled." (R&R at 29) Although duty-bound to do so, Defendant failed to provide Plaintiff with information necessary to determine the extent of Plaintiff's financial loss related to her investment accounts. The R&R recommends that the Court grant Plaintiff's claim for an accounting with respect to her investments in Patriot Partners. Implicit in that recommendation is an acknowledgment of the possibility that Defendant denied Plaintiff the means to learn such facts.

Accordingly, Plaintiff has stated a claim for breach of fiduciary duty as to both Patriot Partners and Patriot Group.

## V. PLAINTIFF STATES A VALID CLAIM FOR COMMON LAW FRAUD

"To maintain an action based on fraudulent representations, whether it be for the rescission of a contract or . . . in tort for damages, it is sufficient to show that the defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged." *Bickhardt v. Ratner*, 871 F. Supp. 613, 618 (S.D.N.Y. 1994) (citations omitted). "Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations." *Id*. (citing *Nasaba Corp. v. Harfred Realty Corp.*, 287 N.Y. 290, 295 (1942) (citation omitted).

New York recognizes a duty by a party to a business transaction to speak in three situations: first, where the party has made a partial or ambiguous statement . . . ; second, when the parties stand in a fiduciary or confidential relationship with each other . . . ; and third, where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken information. *Id*. (citing *Brass v. American Film*

6

*Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)) (citations omitted); *cf. Amend v. Hurley*, 293 N.Y. 587, 596 (1944) ("It is not fraud for one party to say nothing on the subject where no confidential or fiduciary relation exists and where no false statements or acts to mislead the other are made.") (citations omitted).

Defendant, a party to numerous business transactions with Plaintiff, had a duty to speak in two of the three situations. First, as discussed above, Defendant had a fiduciary relationship with Plaintiff that required him to disclose the true nature and full value of her interests in both Patriot Partners and Patriot Group. Second, Plaintiff alleges that Defendant made a partial or ambiguous statement in the form of the handwritten spreadsheet titled "Patriot Group, Judy Soley, Loan A/C" that purported to account for all of Soley's loans to Patriot Group. (Am. Cmplt., ¶ 35) Plaintiff further alleges that the spreadsheet was inaccurate and misleading in that, among other things, it omitted some $690,000 in short-term loans that Plaintiff made to Patriot Group. (Am. Cmplt., ¶ 36). And with respect to the parties' joint stock investments Plaintiff alleges that Defendant caused a partial or ambiguous statement to be made in the form of a spreadsheet purporting to show the value of Plaintiff's investments. (Am. Cmplt., ¶ 47) Plaintiff alleges that this spreadsheet, too, was inaccurate. Her inquires about it were met by Defendant with evasive answers. (Am. Cmplt. ¶¶ 47-52)

## VI. PLAINTIFF IS ENTITLED TO AN ACCOUNTING WITH RESPECT TO PATRIOT GROUP

As discussed above, Plaintiff alleges facts sufficient to establish that the parties had a fiduciary relationship with respect to Patriot Group and that Defendant breached his fiduciary duty. Accordingly, as with Patriot Partners, Plaintiff is entitled to an accounting of her investments in Patriot Group.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff objects to each of the dismissal recommendations set forth in the R&R. If this Court decides to dismiss any of the causes of action in Plaintiff's amended complaint based upon inadequate pleading, Plaintiff then requests leave to amend.

Dated: New York, NY
       August 25, 2011

       Respectfully submitted,

       LOUIS F. BURKE, P.C.

       */s/ Leslie Wybiral*
       Leslie Wybiral, Esq.
       Louis F. Burke, Esq.
       460 Park Avenue, 21ST Floor
       New York, NY 10022
       Tel: (212) 682-1700
       Fax: (212) 808-4280
       lwybiral@lfblaw.com
       lburke@lfblaw.com

       *Attorneys for Plaintiff*