UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JUDY W. SOLEY,                                  :
                                                :
                        Plaintiff,              :     08 Civ. 9262 (KMW) (FM)
                                                :     OPINION & ORDER
        -against-                               :
                                                :
PETER J. WASSERMAN,                             :
                        Defendant.              :
---------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

      In this diversity action, Plaintiff Judy W. Soley asserts various state law claims against her younger brother, Defendant Peter J. Wasserman, arising out Wasserman's conduct as Soley's financial advisor. On May 14, 2010, after numerous claims in her original complaint were dismissed, Soley filed an Amended Complaint ("AC") demanding a jury trial. [Dkt. No. 20]. The Court subsequently granted in part and denied in part Wasserman's motion to dismiss. *See Soley v. Wasserman*, 823 F. Supp. 2d 221 (S.D.N.Y. 2011) (Wood, J.) [Dkt. No. 36]. In particular, the Court denied the motion to dismiss Soley's claims for breach of fiduciary duty and accounting. The Court further narrowed Soley's claims in its resolution of the parties' motions for summary judgment, but once again permitted her breach of fiduciary duty and accounting claims to proceed. *See Soley v. Wasserman*, No. 08 Civ. 9262, 2013 WL 526732 (S.D.N.Y. Feb. 13, 2013) (Wood, J.) [Dkt. No. 73].[1]

      In light of these rulings, Wasserman now moves, pursuant to Federal Rule of Civil Procedure 39(a)(2), for an order striking Soley's jury demand or, in the alternative, for an order delineating which of Soley's remaining claims shall be determined by the jury and which by the

---

[1] The relevant factual background has been discussed extensively in the Court's previous opinions in this matter, familiarity with which is assumed.

1

Court.  [Dkt. No. 77].  For the reasons that follow, Wasserman's motion is GRANTED in part and DENIED in part.

I.      SEVENTH AMENDMENT RIGHT TO A JURY TRIAL

The Seventh Amendment to the United States Constitution provides: "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."  This Amendment protects the fundamental right to a jury trial for actions at law, but not for those in equity.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).  To determine whether the right to a jury attaches, courts must engage in a "two step inquiry:" "first, the court must consider whether the action would have been deemed legal or equitable in 18th-century England before the merger of courts of law and equity; second, the court must 'examine the remedy sought and determine whether it is legal or equitable in nature.'" *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 338 (S.D.N.Y. 2009) (McMahon, J.) (quoting *Granfinanciera*, 492 U.S. at 42), *aff'd sub nom. Maersk, Inc. v. Sahni*, 450 F. App'x 3 (2d Cir. 2011).  The Court must balance these two considerations, "giving greater weight to the latter." *Chevron Corp. v. Salazar*, No. 11 Civ. 3718, 2011 WL 3628843, at *6 (S.D.N.Y. Aug. 17, 2011) (Kaplan, J.).

II.     BREACH OF FIDUCIARY DUTY CLAIM

Applying the two-step inquiry, the Court concludes that Soley's breach of fiduciary duty claim is legal in nature, and thus shall be tried before a jury.

The Second Circuit has determined that, as a "general rule," "breach of fiduciary duty claims were historically within the jurisdiction of the equity courts." *Pereira v. Farace*, 413 F.3d 330, 338 (2d Cir. 2005) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,

2

494 U.S. 558, 567 (1990)).  Soley contends that this general rule is inapplicable because her claim alleges that Wasserman breached his fiduciary duties through "fraud, breach of contract, and negligence," which are historically legal claims.  (*See* Pl.'s Mem. of Law in Opp'n 5 [Dkt. No. 80]).  However, the Second Circuit has squarely rejected this argument because such analysis "would effectively permit every breach of fiduciary duty claim to be recast as an action at law such that 'parties seemingly would be entitled to a jury trial on any and all breach of fiduciary duty claims.'"  *Pereira*, 413 F.3d at 338 (quoting *Pereira v. Cogan*, No. 00 Civ. 619, 2002 WL 989460, at *3 (S.D.N.Y. May 10, 2002) (Sweet, J.)).

 Despite this general rule, the Court nonetheless concludes that Soley's breach of duty claim triggers the jury trial right under the second, more important step of the Seventh Amendment inquiry.  In *Pereira*, although first noting that breach of fiduciary duty claims were historically equitable, the Second Circuit concluded that the particular breach of fiduciary claim at issue was legal in nature because it sought compensatory damages.  *Id.* at 339.  The *Pereira* decision articulated two bases to distinguish a breach of fiduciary duty claim seeking compensatory damages (a legal remedy) from a claim seeking restitution (an equitable remedy).  First, "'for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property *in the defendant's possession*.'"  *Id.* at 340 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002)).  Second, where the plaintiff seeks "only to recover funds attributable to [plaintiff's loss], not the [defendant's] unjust gain," the action seeks compensatory damages and is legal in nature.  *Id.*

 Applying these principles, the Court concludes that Soley's breach of fiduciary claim is legal in nature.  Like the plaintiff in *Pereira*, Soley's complaint seeks compensatory damages,

3

(*see* AC 26), "the classic form of legal relief." *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993). Although the labels assigned in a complaint are not decisive, *see Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962), New York law permits Plaintiff to measure her damages for breach of fiduciary duty by "the amount of loss sustained, including lost opportunities for profit . . . by reason of the faithless fiduciary's conduct." *105 E. Second St. Assocs. v. Bobrow*, 175 A.D.2d 746, 746-47 (N.Y. App. Div. 1991). Such a measure of damages falls squarely within the scope of legal relief as defined by *Pereira* in that (1) Soley seeks to impose personal liability on Wasserman, rather than seeking return of particular funds in Wasserman's possession, and (2) Soley measures her damages based on her losses, and not merely on Wasserman's gain. *See Pereira*, 413 F.3d at 340 (discussing these factors in distinguishing between a request for compensatory damages and a request for restitution); *see also Soley*, 823 F. Supp. 2d at 234-35 (denying motion to dismiss breach of fiduciary duty claim in part on potential damages resulting from Soley's lost opportunity).[2]

Accordingly, the Court denies Wasserman's motion to strike Soley's jury demand with respect to the breach of fiduciary duty claim.

## III.    ACCOUNTING CLAIM

The Court agrees with Wasserman that no jury right attaches to Soley's accounting claim because it is equitable, not legal, in nature. Alleging that she has "no adequate legal remedy,"

---

[2] Wasserman's arguments against *Pereira*'s application are unavailing. First, Defendant cites out of circuit precedent criticizing the Second Circuit's holding. Second, Defendant correctly observes that the only claims at issue in *Pereira* were breach of fiduciary duty claims, whereas the instant case also involves an accounting claim. This distinction, however, makes little difference. Even if an action involves equitable claims, a plaintiff retains her right to a jury trial on her legal claims. *See Wade v. Orange Cnty. Sheriff's Office*, 844 F.2d 951, 954 (2d Cir. 1988) ("When an action involves both legal and equitable claims that have common issues of fact, and a jury trial has been properly demanded with respect to the legal claims, the parties have a right under the Seventh Amendment to have the legal claims tried to a jury." (citing *Dairy Queen*, 369 U.S. 469; *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959))).

Soley's AC seeks from the Court "an order requiring Wasserman to provide a complete, open, and honest accounting of her financial affairs and assets, and to provide complete records of her financial affairs and assets." (AC ¶¶ 95-96). Soley repeats this request in her prayer for relief and also requests an order requiring Wasserman to disgorge "all ill-gotten gains received as a result of his conduct," restitution, and a constructive trust over Soley's assets in Wasserman's possession. (*Id.* at 26 ¶ 4).

Applying the two-step inquiry, the Court concludes that Soley's accounting claim is equitable. First, Soley's request for an accounting is based on Wasserman's fiduciary status, and thus historically would have been deemed equitable. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2310 (3d ed. updated 2012) (noting that "[h]istorically," "courts of equity had jurisdiction to require an accounting . . . when the relationship of the parties created an equitable duty to account"). Second, and more importantly, the nature of the relief that Soley seeks—an order from the Court requiring Wasserman to provide complete records of Soley's financial affairs and assets—is quintessentially equitable. *See, e.g.*, *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 277 (S.D.N.Y. 2009) (Jones, J.) (noting that request for an accounting "falls squarely within the category of equitable remedies"); *Kramer v. Lockwood Pension Services, Inc.*, 653 F. Supp. 2d 354, 396 (S.D.N.Y. 2009) (Batts, J.) (applying New York law to hold that "[t]he purpose of an equitable accounting is to require a fiduciary to show what he did with the principal's property").

The fact that Soley may ultimately seek return of any profits generated by Wasserman's use of the property in question does not alter this result. The Supreme Court has recently noted that a request for an accounting lies in equity where a plaintiff seeks recovery of profits produced by a defendant's use of a plaintiff's property, even if the plaintiff "cannot identify a particular res

5

containing the profits sought to be recovered." *Knudson*, 534 U.S. at 214 n.2; *see also Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 644 (S.D.N.Y. 2005) (Marrero, J.) ("[A] claim for an accounting, which is based on allegations that the 'defendant (often a fiduciary) has profited by using something which in good conscience belongs to the plaintiff and that the defendant ought to disgorge his profits,' also is 'usually regarded as equitable.'" (quoting Dan B. Dobbs, *Law of Remedies* § 2.6(3), at 158 (2d ed. 1993))), *aff'd*, 469 F.3d 284 (2d Cir. 2006).

Accordingly, the Court grants Wasserman's motion to strike Soley's jury demand with respect to the accounting claim.[3]

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part Defendant Wasserman's motion to strike Plaintiff Soley's jury demand. Soley's breach of fiduciary duty claim will be tried before a jury. Soley's accounting claim will be tried before the Court. The Parties are instructed to file their joint pretrial order no later than April 22, 2013. The case will be deemed Ready Trial on May 6, 2013.

SO ORDERED.

Dated: New York, New York
April 17, 2013

/s/_____
Kimba M. Wood
United States District Judge

---

[3] Soley argues that because her breach of fiduciary duty claim and accounting claim involve overlapping facts, and because the former will be tried before the jury, the latter must also be tried before a jury. (Pl.'s Mem. of Law in Opp'n 10-11). This is incorrect. In such circumstances, "the general rule is that the jury must decide the legal claims prior to the court's determination of the equitable claims, in order to prevent the court's determination of a common factual issue from precluding, by collateral estoppel effect, a contrary determination by the jury." *Wade*, 844 F.2d at 954 (citing *Dairy Queen*, 369 U.S. at 479; *Beacon Theatres*, 359 U.S. at 510-11). Accordingly, the Court will first conduct a jury trial on Soley's breach of fiduciary duty claim, including any issues of fact common with Soley's accounting claim, and then conduct a bench trial on any remaining issues.