UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JUDY W. SOLEY,                                 :
                                               :
                    Plaintiff,                 :          08 Civ. 9262 (KMW) (FM)
                                               :          <u>OPINION & ORDER</u>
          -against-                            :
                                               :
PETER J. WASSERMAN,                            :
                                               :
                    Defendant.                 :
------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

      Pursuant to this Court's April 17, 2013 Opinion and Order (the "April 17 Order"), the above-captioned matter has been bifurcated into a jury trial—scheduled to commence on July 28, 2013—and a bench trial.  [Dkt. No. 82].  The April 17 Order determined that Soley's breach of fiduciary duty claim would be tried before a jury and her accounting claim would be tried before the Court.  Each of these claims consists of two components: one relating to Patriot Partners, and one relating to the Joint Stock Investments.  In recent weeks, the Parties have submitted numerous letters, some at the Court's request, discussing Soley's breach of fiduciary claim with respect to the Joint Stock Investments.  (<u>See</u> Soley's Letters of June 26 & July 10; Wasserman's Letters of June 27, July 8 & July 15).

      In light of these submissions, Wasserman now argues that Soley has not presented any evidence of damages with respect to her breach of fiduciary duty claim relating to the Joint Stock Investments.  Wasserman asks the Court to dismiss this claim prior to trial.  Although the Court will not, at this late hour, dismiss Soley's claim entirely, the Court finds that this claim is not appropriate for resolution by a jury and, accordingly, will be addressed at the bench trial.

1

In order to establish "a claim for breach of fiduciary duty, a plaintiff must prove (1) the existence of a fiduciary relationship; (2) misconduct by defendant constituting a breach of its fiduciary duty to plaintiff; and (3) damages to plaintiff directly caused by defendant's misconduct." Soley v. Wasserman, 823 F. Supp. 2d 221, 232 (S.D.N.Y. 2011). Based on the Parties' submissions, the Court finds that issues of disputed fact remain with respect to the first two elements. Wasserman's core argument, however, is that Soley has failed to present any evidence relating to the damages element of Soley's claim. In her July 10 letter, Soley explains that her sole[1] theory of damages with respect to the Joint Stock Investments is that Wasserman sold one of the Joint Stocks and failed to provide Soley with her share of the proceeds.

The Court finds that the breach of fiduciary duty claim relating to the Joint Stocks should be tried before the Court, not the jury. The Court's April 17 Order considered Soley's breach of fiduciary duty claim—with respect to both Patriot Partners and the Joint Stock Investments—as a single claim. See Soley v. Wasserman, No. 08 Civ. 9262, 2013 WL 1655989, at *1-3 (S.D.N.Y. Apr. 17, 2013) (Wood, J.). Despite the "'general rule' [that] breach of fiduciary duty claims were historically within the jurisdiction of the equity courts," Pereira v. Farace, 413 F.3d 330, 338 (2d Cir. 2005), the Court determined that Soley's breach of fiduciary duty claim was "legal in nature." Soley, 2013 WL 1655989, at *2. The Court arrived at this conclusion after determining that: "(1) Soley seeks to impose personal liability on Wasserman, rather than seeking return of particular funds in Wasserman's possession, and (2) Soley measures her damages based on her losses, and not merely on Wasserman's gain. Id. at *2 (citing Pereira v. Farace, 413 F.3d 330, 340 (2d Cir. 2005)).

---

[1] Soley's letter does not articulate any other theory of damages. Soley had previously submitted a different theory of damages—that Wasserman failed to sell the investments when they first became "freely tradeable"—but this theory was dismissed on summary judgment. See Soley v. Wasserman, No. 08 Civ. 9262, 2013 WL 526732, at *5 (Feb. 13, 2013) (Wood, J.).

Based on the Parties' recent submissions, it is now clear that these two factors weigh in favor of a bench trial for the breach of fiduciary duty claim relating to the Joint Stock Investments. First, Soley clearly seeks a return of funds—the proceeds of the September 13, 2000 sale of NTII—that are in Wasserman's possession. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 214 (2002) ("[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."). Second, given that the sale proceeds are Soley's sole measure of damages, her losses are directly based on Wasserman's gain. Soley's claim therefore fits within the general rule that breach of fiduciary duty claims are equitable in nature.

Moreover, the Court finds that Soley's submission does not establish that any measure of damages with respect to the Joint Stock Investments requires expert testimony. Soley's letter states that her damages calculations are based on (1) her pro-rata interest in two of the Joint Stock Investments, NTII and NexMed, (2) her the share of Wasserman's September 13, 2000 sale of NTII, (3) the current value of NexMed, and (4) prejudgment interest. At this point, the Parties have agreed on Soley's share of the investments, the value of the investments, the amount Wasserman obtained in the NTII sale, and the proportion due to Soley from that sale. Given this broad consensus and the straightforward nature of these facts, the Court sees no need for expert testimony with respect to these damages.

For the aforementioned reasons, Soley's breach of fiduciary duty claim with respect to the Joint Stock Investments will be tried before the Court and will not require expert testimony. The jury trial will focus of Soley's breach of fiduciary duty claim relating to Patriot Partners.

SO ORDERED.

Dated: New York, New York
July 15, 2013

/s/_____
Kimba M. Wood
United States District Judge