UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JUDY W. SOLEY,                                    :
                                                  :
                              Plaintiff,          :          08 Civ. 9262 (KMW) (FM)
                                                  :          OPINION & ORDER
              -against-                           :
                                                  :
PETER J. WASSERMAN,                               :
                                                  :
                              Defendant.          :
-----------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:


        In this Court's June 21, 2013 Opinion and Order regarding Wasserman's Motion in

Limine, the Court requested that the Parties provide highlighted copies of their deposition

designations so that the Court may adjudicate Wasserman's objections to Soley's designations.

[Dkt. No. 92 (the "June 21 Order") at 4 n.2].  The Parties have now provided the Court with the

requested copies.  For the foregoing reasons, Wasserman's objections to Soley's deposition

designations are GRANTED in part, and DENIED in part.  [Dkt. No. 85].

        The Court's Individual Practices require parties to file a joint pre-trial order ("JPTO")

that includes "designation[s] by each party of deposition testimony to be offered in its case in

chief, with any cross-designations and objections by any other party."  See Individual Practices

of Hon. Kimba M. Wood U.S. District Court S.D.N.Y. § 3.A.ix (Rev. 12/05/08).  The Parties in

this case timely submitted their JPTO.  [Dkt. No. 89].  In the JPTO, Wasserman included an

objection to Soley's deposition designations (the "procedural objection").  Wasserman's

procedural objection contends that Soley's designations are untimely because they were

submitted in a "late-night transmission . . . the day before the parties were required to submit the

complete and final [JPTO]."  [Dkt. No. 89 at 23 n.*].  As a result of Soley's "delayed

disclosure," Wasserman's counsel was unable to review Soley's designations or to provide timely objections and counter-designations.

Although the Court does not condone Soley's eleventh-hour submission, the Court recognizes that the Parties were given a short deadline for their JPTO.  Moreover, Soley's designations, though delayed, were in fact submitted before the JPTO deadline.  Since that time, Wasserman has submitted a separate letter to the Court providing specific substantive objections to Soley's deposition designations (the "substantive objections"), thus limiting the prejudicial impact of Soley's delay.  [Dkt. No. 85].  Accordingly, the Court rejects Wasserman's procedural objection and will treat both Soley's designations and Wasserman's substantive objections as timely.

Turning to the merits of Wasserman's substantive objections, the Court finds that these objections fall into four categories: (1) objections based on the Federal Rules of Evidence, including objections based on relevance, waste of time, unfair prejudice, and the authenticity of the underlying documents; (2) objections contending that Soley's designations relate to non-jury issues; (3) objections contending that certain designations relate to dismissed claims; and (4) objections based on typographical errors.

With respect to the first category—Wasserman's evidentiary objections—the Court will reserve any necessary determinations for trial, when the context and circumstances of the proposed evidence become clear.  See United States v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (Leisure, J.) ("[C]ourts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context.").

Wasserman's second category of objections has been resolved by this Court's July 15 Opinion & Order, which determined that Soley's breach of fiduciary duty claim with respect to

the Joint Stock Investments will be tried as part of the bench trial, and not the jury trial.  [Dkt. No. 96].

Wasserman's third category of objections—that certain designations relate to previously dismissed claims—substantially overlaps with Wasserman's motion in limine, which also requested that the Court preclude Soley from referencing various dismissed claims.  The Court grants this category of objections to the same extent that the Court granted Wasserman's motion in limine.  (See June 21 Order 6-13).

With respect to Wasserman's final category of objections, the Court directs the Parties to come to an agreement and submit a stipulation regarding any typographical errors in Mr. Kamras's deposition testimony.


SO ORDERED.

Dated: New York, New York
        July 16, 2013

/s/_____
            Kimba M. Wood
        United States District Judge