UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUDY W. SOLEY,                                  :
                                                :
                        Plaintiff,              :        08 Civ. 9262 (KMW) (FM)
                                                :        <u>OPINION & ORDER</u>
          -against-                             :
                                                :
PETER J. WASSERMAN,                             :
                                                :
                        Defendant.              :
-------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

      In this diversity action, Plaintiff Judy W. Soley asserts various state law claims against her brother, Defendant Peter J. Wasserman, arising out of his conduct as her financial advisor.[1] After years of litigation, this dispute has been substantially narrowed. The Court recently presided over a jury trial with respect to Plaintiff's breach of fiduciary duty claim regarding Patriot Partners, a Delaware limited partnership in which Plaintiff had a partnership interest and Defendant was General Partner. The jury found that Defendant had breached his fiduciary duty and awarded Plaintiff $79,848 in actual damages and $50,000 in punitive damages. Plaintiff now requests an accounting, stating that the jury's finding entitles her to this remedy, and that New York Partnership Law gives her an "absolute" right to an accounting. Specifically, Plaintiff claims that she is entitled to an accounting with respect to Patriot Partners on two independent bases: (1)

---

[1] The relevant factual background has been discussed extensively in the Court's previous opinions in this matter, familiarity with which is assumed. *Soley v. Wasserman*, No. 08 Civ. 9262, 2010 WL 931888 (S.D.N.Y. Mar. 12, 2010) (Crotty, J.) (Defendant's motion to dismiss); *Soley v. Wasserman*, 823 F. Supp. 2d 221 (S.D.N.Y. 2011) (Wood, J.) (same); *Soley v. Wasserman*, No. 08 Civ. 9262, 2013 WL 526732 (S.D.N.Y. Feb. 13, 2013) (Wood, J.) (resolving cross-motions for summary judgment); *Soley v. Wasserman*, 08 Civ. 9262, 2013 WL 1655989 (S.D.N.Y. Apr. 17, 2013) (Wood, J.) (Defendant's motion to strike jury demand); *Soley v. Wasserman*, No. 08 Civ. 9262, 2013 WL 3185555 (S.D.N.Y. June 21, 2013) (Wood, J.) (resolving Defendant's motion in limine).

pursuant to common law, due to the parties' fiduciary relationship and Defendant's breach of fiduciary duty; and (2) by statute, under New York Partnership Law §§ 43, 44, and 74.  Defendant counters that Plaintiff had an adequate remedy at law, and thus she is not entitled to the equitable remedy of an accounting.

For the reasons stated below, the Court concludes that Plaintiff has not established a right to an accounting on either basis.

I. Equitable Accounting

Despite having specifically alleged that she has no adequate remedy at law in her cause of action for an accounting, (Amended Complaint ¶ 95), Plaintiff now states that no such requirement is needed to establish her right to an accounting.  She cites language from New York authority that "whenever there is a fiduciary relationship between the parties . . . there is an absolute right to an accounting notwithstanding the existence of an adequate remedy at law."  *Koppel v. Wien, Lane & Malkin*, 125 A.D.2d 230, 234 (N.Y. App. Div. 1986); *see also Sang Lan v. Time Warner, Inc.*, No. 11 Civ. 2870, 2013 WL 1703584, at *11 (S.D.N.Y. Apr. 19, 2013) (Francis, Magis.); *Sriraman v. Patel*, 761 F. Supp. 2d 7, 22 (E.D.N.Y. 2011).  The decisions cited by Plaintiff stand for the proposition that a complaint may *seek* both legal and equitable relief. [2]  However, "a court

---

[2] *See, e.g.*, *Sang Lan*, 2013 WL 1703584, at *11 ("[A]t [the motion to dismiss] stage of the litigation, a plaintiff may plead an equitable cause of action, such as for an accounting, and a legal cause of action, such as for breach of contract, in the alternative."); *Koppel*, 125 A.D.2d at 234 (stating motion to dismiss accounting claim was appropriately denied although Plaintiffs had an adequate remedy at law); *DiTerlizzi v. DiTerlizzi*, 459 N.Y.S.2d 797, 799 (N.Y. App. Div. 1983) ("Although a party *may* have a legal remedy, he or she is not precluded from *seeking* equitable relief by way of an accounting . . . ." (emphasis added)); *Darlagiannis v. Darlagiannis*, 369 N.Y.S.2d 475, 476 (N.Y. App. Div. 1975) ("Even though plaintiff *may* have a legal remedy, she is not precluded from *seeking* equitable relief by way of an accounting predicated upon the existence of a fiduciary relationship." (emphasis added)).

may not *grant* equitable relief unless it first determines that the party seeking equitable relief has no adequate legal remedy." 1 James WM. Moore et al., *Moore's Federal Practice* § 2.03[3] (3d ed. 2013) (emphasis added); *see also* 55 N.Y. Jur. 2d *Equity* § 74 (Updated Aug. 2013).

As applied to this case, therefore, Plaintiff's request for an accounting after trial turns on whether the jury's verdict afforded Plaintiff an adequate remedy at law. A legal remedy is adequate if it is "as sufficient, full, certain, prompt, complete, and efficient to attain the ends of justice and its prompt administration as the remedy in equity." 55 N.Y. Jur. 2d *Equity* § 24 (Updated Aug. 2013); *see also New York TRW Title Ins. v. Wade's Canadian Inn & Cocktail Lounge, Inc.*, 605 N.Y.S.2d 139, 140 (N.Y. App. Div. 1993); *Fradus Contracting Co. v. Taylor*, 194 N.Y.S. 286, 294 (N.Y. App. Div. 1922); *Dailey v. City of New York*, 156 N.Y.S. 124, 129 (N.Y. App. Div. 1915). "Money damages are the favored disposition in law," 27A Am. Jur. 2d *Equity* § 27 (Updated Aug. 2013), such that money damages "determinable with a reasonable degree of certainty constitute . . . an adequate remedy," *SCM Corp. v. Xerox Corp.,* 507 F.2d 358, 363 (2d Cir. 1974); *see also McDonald v. Piedmont Aviation, Inc.*, 793 F. Supp. 75, 78 (S.D.N.Y. 1992) (Brieant, J.) ("Monetary damages are an adequate remedy at law when the effect of awarding such damage would have placed the injured person in the same position as he would have been, insofar as money can do so, if his statutory rights had been honored.").

Plaintiff has had the benefit of full document discovery and numerous depositions. This discovery yielded thousands of pages of tax and accounting documents relating to Patriot Partners. Plaintiff obtained an expert with a background in forensic accounting who reviewed these documents and submitted a report with an estimate of

damages. Plaintiff's expert testified that his report included all damages Plaintiff suffered in connection with Patriot Partners. Transcript of Jury Trial at 160 [Dkt. No. 113]. The jury weighed this evidence and awarded actual and punitive damages, finding that Defendant had breached his duties: (1) "by not maintaining adequate or accurate records of [Plaintiff's] interest, preventing [Plaintiff] from accessing information regarding her interests, or providing [Plaintiff] with false, misleading, or incomplete information about her interests;" (2) "in relation to the October 1998 Transfer of $150,000" from Plaintiff to Patriot Partners; and (3) by ignoring or failing to comply with [Plaintiff's] request(s) to [Defendant] to redeem her interest in Patriot Partners." *Id.* at 578-79. With respect to the first breach, the jury found that Plaintiff had not proven any damages. *Id.* at 580. With respect to the second breach, the jury found that Defendant had established his defense of laches. *Id.* at 579. With respect to the third breach, the jury determined that Plaintiff had proven $79,848 in actual damages. *Id.* at 580. The jury also awarded Plaintiff $50,000 in punitive damages. *Id.*

The jury's verdict constituted an adequate remedy at law. There is no evidence in this case that the damage award is somehow insufficient to cover Plaintiff's alleged losses. *Cf. McDonald*, 793 F. Supp. at 78 ("Had the Court known that compensatory damages would be limited to 72 months, we would have been required by the facts of the case to find that there was *no* adequate remedy at law, and the equitable remedy of job 'reinstatement' should have been ordered."). Plaintiff has failed to carry her burden to demonstrate that she has no adequate remedy at law.

II. Statutory Accounting

Although Plaintiff now argues that she has an additional basis for an accounting pursuant to New York Partnership Law §§ 43, 44, and 74, Letter from Louis F. Burke, Plaintiff's Counsel, to Judge Wood (Aug. 30, 2013) [Dkt. No. 119], her Amended Complaint did not assert any such statutory cause of action.[3]  In fact, Plaintiff's fourth cause of action, entitled "accounting," makes no specific reference to New York Partnership Law, but, rather, tracks the elements of an equitable accounting.  It is a basic tenet of law that "[a] trial court cannot enter a judgment on a cause of action not pleaded, and a party cannot bring an action based on one cause of action and recover on another." 61B Am. Jur. 2d *Pleading* § 885 (Updated Aug. 2013).

Even if Plaintiff had alleged a statutory cause of action under New York Partnership Law, her claim would have been mooted by the jury trial.  As already stated in detail above, Plaintiff conducted extensive discovery into the accounting and tax information of Patriot Partners and retained an expert in forensic accounting to review these documents; that expert testified at trial that his expert report included all damages Plaintiff suffered in connection with Patriot Partners.  Plaintiff presented her expert's report and damages estimate to the jury, which awarded both actual and punitive damages.  There is nothing more that Plaintiff can recover or discover with respect to the

---

[3] New York Partnership Law § 44 provides a partner the right to a formal account of a partnership's affairs under four circumstances: (1) "if the partner was wrongfully excluded from the partnership business or possession of its property by copartners;" (2) "if the right to an accounting exists under the terms of an agreement;" (3) as provided by § 43; and (4) "whenever other circumstances render it just and reasonable."  Section 43 in turn provides that "[e]very partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."  N.Y. P'ship. Law § 43 (McKinney 2013).  New York Partnership Law § 74 provides an additional right to an accounting to any partner upon the dissolution of the partnership, unless provided otherwise by agreement.

partnership.[4]  Accordingly, Plaintiff's request for an accounting with respect to Patriot Partners is DENIED.  The bench trial will proceed solely with respect to Plaintiff's claims regarding the Joint Stock Investments.

     SO ORDERED.

Dated: New York, New York
       October 24, 2013

/s/ _____
Kimba M. Wood
United States District Judge

---

[4] Plaintiff insists that Defendant still has to account for at least one transaction in particular: what did he do with $100,000 of the $150,000 he transferred from Plaintiff in October 1998?  The jury found that Plaintiff could not recover these funds as the Defendant had established the defense of laches.  This defense applies with equal force to a claim of accounting.  *See* 15A N.Y. Jur. 2d *Business Relationships* § 1886 (Updated Aug. 2013) ("Laches of a plaintiff which has worked to the disadvantage of the defendant will preclude an accounting of the partnership affairs.") (citing *Corr v. Hoffman*, 176 N.E. 383 (1931); *Smith v. Maine*, 260 N.Y.S. 409 (N.Y. Sup. Ct. 1932)).