UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUDY W. SOLEY,                             :
                                           :
                    Plaintiff,             :              08 Civ. 9262 (KMW) (FM)
                                           :              OPINION & ORDER
           -against-                       :
                                           :
PETER J. WASSERMAN,                        :
                                           :
                    Defendant.             :
--------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

On October 24, 2013, this Court issued an Opinion and Order denying Plaintiff's request

for an accounting of Patriot Partners, a Delaware limited partnership in which Plaintiff had a

partnership interest and Defendant was General Partner.  Plaintiff now moves for reconsideration

and reargument of the Court's decision pursuant to Federal Rule of Civil Procedure 60(b)[1] and

Local Rule 6.3.  For the reasons set forth below, Plaintiff's motion is DENIED.

I.        Standard Governing Motions for Reconsideration and Reargument

"[R]econsideration of a previous order is an extraordinary remedy to be employed

sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health*

*Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (Berman, J.) (internal

quotation marks omitted).  To prevail on a motion for reconsideration and reargument, "the

moving party must demonstrate controlling law or factual matters put before the court on the

underlying motion that the movant believes the court overlooked and that might reasonably be

expected to alter the court's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342

(S.D.N.Y. 2002) (Marrero, J.).  "A motion for reconsideration may not be used to advance new

---

[1] Plaintiff's memorandum of law in support of her motion states that the motion is made pursuant to
Federal Rule of Civil Procedure 60(e); however, that rule is not applicable to motions for reconsideration
and reargument.  The Court therefore construes Plaintiff's motion as being pursuant to Federal Rule of
Civil Procedure 60(b).

facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle

for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458,

461 (S.D.N.Y. 2001) (Leisure, J.).  The standard is "strict in order to dissuade repetitive

arguments on issues that have already been considered fully by the court." *Travelers Ins. Co. v.*

*Buffalo Reinsurance Co.*, 739 F. Supp. 209, 211 (S.D.N.Y. 1990) (Cannella, J.) (quoting *Caleb*

*& Co. v. E.I. DuPont de Nemours & Co.*, 624 F. Supp. 747, 748 (S.D.N.Y. 1985) (Sweet, J.)).

II.       Discussion

Plaintiff makes four arguments for reconsideration; none of these arguments meets the

strict standard for reconsideration.

Plaintiff first argues that "[t]he October 24 Order overlooked controlling data regarding

the inadequacy of discovery and erroneously held that this partial remedy was adequate."

(Memorandum of Law in Support of Plaintiff's Motion for Reconsideration and Reargument of

October 24, 2013 Opinion and Order, at 4 [Dkt. No. 123] [hereinafter Pl's Memo of Law]).[2]

Plaintiff mischaracterizes the Court's decision.  The Court held that the *jury's verdict*, not the

production of documents in discovery, was Plaintiff's adequate legal remedy.[3]  *Soley v.*

---

[2] Specifically, Plaintiff points out that several years of financial documents relating to Patriot Partners were not produced and asserts that "[m]any of the underlying omissions in this action arise from [Defendant's] obstruction of discovery." (Pl's  Memo of Law at 3).  In a footnote, Plaintiff quotes a previous decision of this Court in which the Court noted that Defendant "admits that a variety of documents have not been produced during discovery *because no one has retained copies*." *Soley v. Wasserman*, 08 CIV. 9262, 2013 WL 526732, at *6 (S.D.N.Y. Feb. 13, 2013) (Wood, J.) (emphasis added).  Defendant contends that, "other than some 'confirms' of Patriot Partners' daily trades, every record concerning Patriot Partners *that could be located* was produced" and that "[a]ny 'incompleteness of discovery or documentation . . . is entirely attributable to [Plaintiff's] own failure to bring suit within a reasonable time." (Defendant's Memorandum of Law in Opposition to Motion for Reconsideration, at 4 [Dkt. No. 125]) (emphasis added)).

[3] The jury was charged with deciding whether Defendant had breached his fiduciary duties to Plaintiff with respect to the partnership, the same issue that underlies Plaintiff's claim for an accounting.  The jury found that Defendant had breached his duties: (1) "by not maintaining adequate or accurate records of [Plaintiff's] interest, preventing [Plaintiff] from accessing information regarding her interests, or providing [Plaintiff] with false, misleading, or incomplete information about her interests;" (2) "in relation to the October 1998 Transfer of $150,000" from Plaintiff to Patriot Partners; and (3) by ignoring

*Wasserman*, 08 CIV. 9262, 2013 WL 5780814, at *2 (S.D.N.Y. Oct. 24, 2013) (Wood, J.) ("The

jury's verdict constituted an adequate remedy at law.").  In her submissions to the Court on the

underlying motion, Plaintiff did not discuss the alleged inadequacy of discovery.  Moreover, any

perceived shortcomings in Defendant's responses to discovery requests should have been

addressed at the discovery stage before Magistrate Judge Maas.  A motion for reconsideration

and reargument is not the appropriate vehicle to litigate discovery disputes.

Plaintiff places her second set of arguments under the title: "The October 24 Order

Overlooked Controlling Decisions."  (Pl's Memo of Law, at 4).  However, instead of citing to

controlling decisions the Court may have overlooked, Plaintiff merely reiterates her prior

arguments.  Plaintiff claims that, "[a]s [Plaintiff's] fiduciary, [Defendant] had the burden of

accounting to her for his conduct with partnership assets," *id.*, "[o]nce [Plaintiff] established a

breach of fiduciary duty by [Defendant], she became entitled to an accounting," *id.* at 5, and

"New York law is clear that the principal in a fiduciary relationship has an absolute right to an

accounting," *id.* at 7.  The Court considered and rejected these contentions in its underlying

decision.  *Soley*, 2013 WL 5780814, at *1–2.  A motion for reconsideration and reargument is

not an opportunity for a party to relitigate issues the Court already decided in the underlying

decision.  *Davidson*, 172 F. Supp. 2d at 461.

Third, Plaintiff argues that "[t]he October 24 Order would preclude a party bringing a

claim for breach of fiduciary duty from ever receiving an accounting," as "[u]nder the reasoning

of the October 24 Order . . . any party seeking such an accounting would have proven its

---

or failing to comply with [Plaintiff's] request(s) to [Defendant] to redeem her interest in Patriot Partners."
Transcript of Jury Trial at 578–79 [Dkt. No. 113].  With respect to the first breach, the jury found that
Plaintiff had not proven any damages. *Id.* at 580.  With respect to the second breach, the jury found that
Defendant had established his defense of laches. *Id.* at 579.  With respect to the third breach, the jury
determined that Plaintiff had proven $79,848 in actual damages. *Id.* at 580.  The jury also awarded
Plaintiff $50,000 in punitive damages. *Id.*

damages already as an element of establishing its claim for breach of fiduciary duty.  By proving

damages, the party would have shown it had an adequate remedy at law and . . . would therefore

not be entitled to equitable relief."  (Pl's Memo of Law, at 6).  The Plaintiff again

mischaracterizes the Court's decision.  The Court did not hold that simply proving damages is an

adequate remedy of law.  The Court held that the jury's verdict, which *awarded* damages, was an

adequate remedy at law.

Lastly Plaintiff argues that the Court's October 24 Opinion and Order reversed prior law

in this case and violates the law of the case doctrine.  "The law of the case doctrine commands

that 'when a court has ruled on an issue, that decision should generally be adhered to by that

court in subsequent stages in the same case' unless 'cogent and compelling reasons militate

otherwise.'"  *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quoting *United States v.*

*Quintieri,* 306 F.3d 1217, 1225 (2d Cir. 2002)).  Plaintiff notes that the Court's summary

judgment decision stated that, "Under New York law, a plaintiff seeking an accounting must

establish both a fiduciary relationship between the plaintiff and defendant and a breach of that

fiduciary duty by the defendant."  *Soley v. Wasserman*, 08 CIV. 9262, 2013 WL 526732, at *8

(S.D.N.Y. Feb. 13, 2013) (Wood, J.) (internal quotation marks omitted).[4]  Plaintiff therefore

argues that "[t]he adequacy of [Plaintiff's] legal remedy was not an issue in this case, and the

court, as well as the parties, took the position in the course of this action that [Plaintiff] would be

entitled to an accounting if she prevailed on her claim for breach of fiduciary duty."  (Pl's Memo

of Law, at 8).  The law of the case doctrine is inapplicable here.  The Court's statement in its

summary judgment decision did not explicitly or implicitly decide whether Plaintiff had a right

to an accounting.  *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir. 1994) (discussing

---

[4] The Court went on to deny Plaintiff summary judgment as to her accounting claim because she had not
established that Defendant had breached his fiduciary duty.  *Soley*, 2013 WL 526732, at *8

"the well-established principle that the doctrine of the law of the case 'applies to issues that have been decided either expressly or by necessary implication.'" (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 788 (2d Cir. 1983))).  Moreover, the adequacy of Plaintiff's legal remedy *was* an issue in this case.  As the Court noted in its October 24 decision, Plaintiff specifically alleged in her cause of action for an accounting that she had no adequate legal remedy.  (Amended Complaint ¶ 95).

III.     Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration and reargument.[5]


SO ORDERED.


Dated:  New York, New York
        December 2, 2013


/s/_____
                Kimba M. Wood
         United States District Judge

---

[5] The Court also declines Defendant's request for legal fees incurred in opposing Plaintiff's motion for reconsideration and reargument as Defendant failed to provide any legal authority to support his request.