UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JUDY W. SOLEY,                           :
                                         :
                        Plaintiff,    :       08 Civ. 9262 (KMW) (FM)
                                         :       <u>OPINION & ORDER</u>
        -against-              :
                                         :
PETER J. WASSERMAN,                      :
                                         :
                        Defendant.    :
------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

      On May 14, 2010, Plaintiff filed her First Amended Complaint, asserting, among other things, a cause of action for an equitable accounting of Patriot Partners, a Delaware limited partnership in which Plaintiff had a partnership interest and Defendant was General Partner. [Dkt. No. 20]. Plaintiff later argued that she had an additional basis for an accounting pursuant to New York Partnership Law §§ 43, 44, and 74. Letter from Louis F. Burke, Plaintiff's Counsel, to Judge Wood, at 1–2 (Aug. 30, 2013) [Dkt. No. 119]. On October 24, 2013, this Court issued an Opinion and Order denying Plaintiff's request for an accounting of Patriot Partners on both an equitable and statutory basis. *Soley v. Wasserman*, 08 CIV. 9262, 2013 WL 5780814 (S.D.N.Y. Oct. 24, 2013) (Wood, J.) [Dkt. No. 120]. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff now seeks leave to amend her First Amended Complaint to assert a sixth cause of action seeking a statutory accounting of Patriot Partners under New York Partnership Law §§ 43, 44, and 74. [Dkt. No. 128]. Defendant does not consent to the amendment. For the reasons stated below, Plaintiff's request is DENIED.

      I.      Standard Governing Requests to Amend a Complaint

    Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. Amendments to a complaint made twenty-one days after service of the answer are allowed "only with the

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  The Federal Rules of Civil Procedure advise that a court "should freely give leave when justice so requires." *Id.*  "[I]f the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party."  *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir. 1979).

II.     Discussion

Plaintiff does not have a colorable ground for an accounting of Patriot Partners under New York Partnership Law.  The Court's October 24 Opinion and Order held that Plaintiff had not established a right to an accounting on *either* an equitable or statutory basis.  *Soley*, 2013 WL 5780814, at *1.  The Court denied Plaintiff's request for an equitable accounting because she had failed to carry her burden to demonstrate that she had no adequate remedy at law.  *Id.* at *2.  With respect to her statutory right to an accounting, the Court noted that Plaintiff's cause of action for an accounting made no reference to New York Partnership law, but ultimately held that, "[*e*]*ven if* Plaintiff had alleged a statutory cause of action under New York Partnership Law, her claim would have been mooted by the jury trial." *Id*. (emphasis added).

III.    Conclusion

For the foregoing reasons, Plaintiff's request for leave to amend her complaint is DENIED.

SO ORDERED.

Dated:  New York, New York
        December 3, 2013

/s/_____
Kimba M. Wood
United States District Judge

2