**LOUIS F. BURKE P.C.**
ATTORNEYS AT LAW
**460 Park Avenue**
**21st Floor**
**New York, New York 10022**
Telephone: (212) 682-1700
Facsimile: (212) 808-4280
E-Mail: lburke@lfblaw.com

February 11, 2014

Hon. Kimba M. Wood
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007-1312

    Re:    <u>Soley v. Wasserman</u>; 08-CV-9262 (KMW)

Dear Judge Wood:

    This firm represents plaintiff, Judy Soley, in the above-referenced action. We write in response to the February 6, 2014 letter of defendant's counsel regarding defendant's accounting of the parties' joint stocks.

    The December 6, 2013 Order of the Court directed that defendant provide an accounting to Ms. Soley, accompanied by "all information concerning the Joint Stocks." Defendant continues his pattern of obstruction and concealment by refusing to provide an accounting with full disclosure. Instead, defendant provided a convoluted justification for his misuse of plaintiff's funds, accompanied by references to his document productions and a selection of heavily redacted documents. Defendant's calculations are unsupported and his purported accounting must be rejected.

    On February 6, 2014, defendant provided what he purported was a summary of the amount owed to Ms. Soley. That February 6 letter – and its conclusion – are inaccurate, unsubstantiated and based on erroneous legal assumptions. As set forth at length in this firm's letter to the Court, dated January 31, 2014, defendant's purported accounting fails to provide full and accurate disclosure of all information regarding the Joint Stocks from the time defendant received Ms. Soley's funds until the time he pays her. Instead, defendant attempts to supplement his discovery, as if defendant had lost a motion to compel discovery instead of having been ordered to provide an accounting. Exhibit B to plaintiff's January 31, 2014 letter to the Court is a chart that sets forth the information necessary for a proper accounting of the Joint Stocks. Defendant has provided virtually none of that information. As a result, defendant's submission

**Louis F. Burke P.C.**

Hon. Kimba M. Wood
Feb. 11, 2014
Page 2

does not constitute a proper accounting and violates the December 6, 2013 Decision and Order of the Court directing an accounting.

As discussed below, defendant's counsel makes assertions in his February 6 letter that are either completely unsupported or are directly contradicted by the evidence at trial. A proper accounting must be supported by documentary evidence. In this case, however, defendant's repeated false representations to the Court make it particularly important that there be documentary support for each of the statements in the accounting.

In addition to the glaring omissions from defendant's accounting, his February 6 letter contains the following inaccuracies:

1. Defendant did not provide "all available documentary support" for the accounting of the Joint Stocks. Among other problems, defendant's selection of heavily redacted documents does not show what profits were made from the use of the NTII shares or by defendant's 13 years of control over the proceeds since the date of the sale of the shares of NTII. The redacted portions of the documents were available but not provided, so with respect to these documents, it is beyond dispute that existing relevant information continues to be withheld and that "all available documentary support" was not produced.

2. Defendant represents that Ms. Soley's "net interest" in the proceeds of NTII was "not spent or otherwise invested." The little information defendant produced directly contradicts this statement. The brokerage statement for the account where defendant held proceeds of the sale of the NTII shares was a trading account under defendant's control. Unless defendant provides unredacted documents showing the NTII proceeds were segregated and not used in any manner, Ms. Soley is entitled to her pro rata share of any proceeds from the use of the funds. In addition, the NTII shares may have been used by defendant before the shares were sold. Only unredacted brokerage statements will show what use defendant made of the investment Ms. Soley made and the proceeds from the sale of the NTII shares. Finally, the expression "net interest" appears to be a circumlocution to justify defendant's having stolen Ms. Soley's funds and having kept them in the joint checking account he shared with his wife. Defendant's conduct with respect to those funds has been indistinguishable from that of a thief. Defendant must provide unredacted documents regarding the commingled assets so that a proper accounting can determine what profits, if any, he made from the securities and the proceeds of their sale.

3. There is no evidence to support the assertion by defendant's counsel in his February 6 letter that the parties agreed that defendant would pay income tax on Ms. Soley's share of the sale of NTII stock. The trial affidavits and testimony do not refer to any such agreement. In fact, this representation by defendant's counsel contradicts the trial testimony of defendant that he "thought he was doing [Ms. Soley and Mr. Stern] a favor by paying the taxes."

**Louis F. Burke P.C.**

Hon. Kimba M. Wood
Feb. 11, 2014
Page 3

(2 Dec. 2013 transcr., at 61-62.)  Contrary to the assertion in the February 6 letter of defendant's counsel, there is no evidence that the parties agreed that defendant would pay income tax on Ms. Soley's profits.[1]

      4.     There is no legal justification for defendant's receiving credit for having paid taxes on the funds he misappropriated from Ms. Soley.  *See L.P. Larson Jr., Co. v. Wm. Wrigley Jr., Co.*, 277 U.S. 97, 99-100 (1928) (no tax credit for conscious and deliberate wrongful conduct).  In addition, crediting defendant for taxes would undermine the equitable goal of making Ms. Soley whole for her loss, which was one of the bases for trying the issue of the Joint Stocks before the Court.

      5.     Mr. Tofel's February 6 letter misleadingly suggests that the "evidence (testimonial and documentary)" made the Court "aware" that the parties had a "clear understanding" that defendant could deduct the warrant exercise price for one security from the profits made on a different security.  In fact, defendant's sworn interrogatory response stated, "warrants issued by NexMed were exercised, although plaintiff refused to fund said purchase." (Dec. 2, 2013 Transcript, at 60.)  Even if there had been such an understanding, defendant, as fiduciary, may not get credit for the cost of violating the unequivocal instructions of Ms. Soley not to exercise the warrants for her share of the NexMed units.

What is clear from the testimonial and documentary evidence is that defendant stole Ms. Soley's money, ignored her requests for information, paid taxes on the stolen funds in order to conceal his theft and, as her fiduciary, acted directly contrary to Ms. Soley's wishes in exercising warrants for Ms. Soley's units.  Consistent with his pattern of misrepresentations to Ms. Soley, defendant's counsel now makes similar unsupported and misleading representations to the Court regarding his accounting.  Indeed, although Mr. Tofel admits that he "wish[es] [he] hadn't written" his July 8, 2008 letter to Ms. Soley because of the numerous false representations that he, as counsel to a fiduciary, was making to Ms. Soley, as the principal, Mr. Tofel has never corrected the false statements in that July 8 letter.  (Dec. 2, 1013 transcript, at 139; plaintiff's trial exhibit 100.)

---

[1] In one of his many egregious misrepresentations to the Court, defendant, in his September 28, 2012 Memorandum of Law in opposition to plaintiff's motion for partial summary judgment, argued, at page 11, that plaintiff's motion for summary judgment on her accounting claim should be denied because "plaintiff has complete information concerning the status of her portion of the Joint Stock Investments and even if ordered to do so, defendant would have no additional or other information to impart." But until the eve of trial -- nearly a year after that summary judgment motion -- defendant never revealed his purported payment of personal income tax on Ms. Soley's profits, and defendant can cite to no documents regarding such tax payments among the "complete information" he claimed he had produced.  In addition, the numerous categories of information identified in exhibit B to plaintiff's January 31, 2014 letter to the Court belie the statement that defendant has "no additional information to impart."

**Louis F. Burke P.C.**

Hon. Kimba M. Wood
Feb. 11, 2014
Page 4

      In short, defendant has submitted a self-serving, heavily redacted selection of documents that he claims is his accounting.  The numbers in that accounting are unsupported, the figures in his February 6 letter are unjustified, and defendant continues to make egregious misrepresentations to the Court.  Defendant should be required to submit a proper accounting, including unredacted documents with all the information set forth in Exhibit B to plaintiff's January 31, 2014 letter to the Court.

                                                                                             Respectfully,

                                                                                                 /s/

                                                                                     Louis F. Burke

cc:     Lawrence E. Tofel, Esq.