```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JUDY W. SOLEY,                              :
                                            :
                        Plaintiff,          :         08 Civ. 9262 (KMW) (FM)
                                            :         ORDER
                -against-                   :
                                            :
PETER J. WASSERMAN,                         :
                                            :
                        Defendant.          :
------------------------------------------------------X
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/14

KIMBA M. WOOD, U.S.D.J.:

On December 2, 2013, this Court held a bench trial to resolve Plaintiff's breach of fiduciary duty and accounting claims with respect to her investments with Defendant in the stocks of several companies: Tapistron, Cardima, Nexmed (n/k/a "Apricus BioSciences"), and Neurobiological Technologies ("NTII") (collectively, the "Joint Stocks"). Following the bench trial, the Court issued an Opinion and Order denying Plaintiff's breach of fiduciary duty claim, but granting Plaintiff's accounting claim. *Soley v. Wasserman*, 08 CIV. 9262, 2013 WL 6388401 (S.D.N.Y. Dec. 6, 2013) (Wood, J.). The Court ordered Defendant to account to Plaintiff, and, following the accounting, the parties were ordered to submit a proposal to the Court of what is owed to Plaintiff. *Id.* at *5. Defendant submitted an accounting, [Dkt. No. 140], and proposal, [Dkt. No. 146], in accordance with the Court's order.

The Court makes the following findings regarding what Defendant owes Plaintiff.

## I. Tapistron and Cardima

In or about September 1997, Defendant, Plaintiff, and a third-party jointly purchased 300,000 shares of Tapistron. (Joint Pretrial Order–Stipulated Facts ¶ 41 [Dkt. No. 89] [hereinafter JPTO]). Defendant contributed $15,000, Plaintiff contributed $20,000, and the third-party contributed $10,000. (*Id.*). Tapistron has since filed for bankruptcy. (Accounting,

3). The parties have stipulated that the joint stock investment in Tapistron is currently without value. (JPTO ¶ 44).

In or about May 3, 2001, Defendant, Plaintiff, and a third-party jointly purchased 172,414 shares of Cardima. (JPTO ¶ 41). Defendant contributed $80,000, Plaintiff contributed $10,000, and the third-party contributed $10,000. (*Id.*). In December 2010, Cardima filed for bankruptcy. (Accounting, 2). The parties have stipulated that the joint stock investment in Cardima is currently without value. (JPTO ¶ 46).

The Court finds that Defendant does not owe Plaintiff anything with respect to the joint stock investments in Tapistron or Cardima.

## II. Nexmed (n/k/a "Apricus BioSciences")

In or about September 1999, Defendant, Plaintiff, and a third-party jointly purchased 40,000 shares of Nexmed. (JPTO ¶ 41). Defendant contributed $25,000, Plaintiff contributed $20,000, and the third-party contributed $15,000. (*Id.*).

In or about January 2000, Defendant exercised warrants in connection with the Nexmed stock, purchasing an additional 20,000 shares for $45,000. (Accounting, 4). Due to "the passage of time" Defendant "is unable to provide evidence of his payment of the exercise price, which he paid from his own funds." (*Id.*). Because Defendant fails to provide any evidence supporting his claim that he paid for the exercise price with his own funds, the Court declines to order Plaintiff to pay any share of the exercise price. *See, e.g., Soley*, 2013 WL 6388401, at *4 ("Ambiguities will be resolved against [the accounting party]." (quoting *Wilde v. Wilde*, 576 F. Supp. 2d 595, 608 (S.D.N.Y. 2008) (Cedarbaum, J.) (internal quotation marks omitted))); *Vinlis Const. Co. v. Roreck*, 291 N.Y.S.2d 924, 925–26 (App. Div. 1968) ("The general rule is that, on an accounting by a fiduciary, the burden of proof in justifying the charges and showing that he has derived no

2

unfair advantage from his fiduciary relation is on the accounting party."), *order modified by*, 27 N.Y.2d 687 (App. Div. 1970).

In or about June 2010, the Nexmed stock was subject to a 15:1 reverse split, (Accounting, 4), and in or about September 2010, Nexmed changed its name to Apricus BioSciences, Inc., (JPTO ¶ 45).

Separate from his investment in Nexmed with Plaintiff and the third-party, Defendant purchased an additional 8,000 shares of Nexmed. (Accounting, 3–5). The Court finds that these shares, which post-split now number 533, are Defendant's alone and Plaintiff does not have any interest in them.

Defendant currently holds 4,533 shares of Apricus BioSciences, Inc. (Accounting, 5). The Court finds that 4,000 of these shares are part of the joint stock and Plaintiff has a 1/3 interest in the 4,000 shares.[1] Defendant is therefore ordered to transfer to Plaintiff 1,333 shares of Apricus BioSciences, Inc., no later than March 28, 2014.

### III. NTII

In or about November 1999, Defendant, Plaintiff, and a third-party jointly purchased 75,000 shares of NTII. (JPTO ¶ 41). Defendant contributed $25,000, Plaintiff contributed $20,000, and the third-party contributed $15,000. (*Id.*). During 2001, Defendant sold all 75,000 shares of the NTII stock for a total of $302,586. (JPTO ¶ 42). Although Defendant and his wife paid federal and state taxes on the gains, Plaintiff will not be credited with having paid taxes on her share of the gains. Plaintiff is thus entitled to 1/3 of the NTII sale proceeds, pre-tax, which amounts to $100,862, and which shall be paid to Plaintiff no later than March 28, 2014.

---

[1] The initial joint purchase was of 40,000 shares. The warrant exercise of 20,000 shares brought the joint shares to a total of 60,000 shares. After the 15 to 1 reverse split, the joint shares were reduced to 4,000 shares.

3

## IV. Conclusion[2]

Defendant is ordered to transfer to Plaintiff 1,333 shares of Apricus BioSciences, Inc. and $100,862 of the NTII sale proceeds, no later than March 28, 2014.

The parties are directed to submit a joint letter on what rate of interest should apply to the judgment and the date from which the interest should run, by March 28, 2014.

SO ORDERED.

Dated: New York, New York
       March 13, 2014

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

---

[2] The Court denies Plaintiff's request that the Court order Defendant to complete another accounting. [Dkt. Nos. 142, 147]. The Court also denies Plaintiff's request for leave to move for sanctions against Defendant. [Dkt. No. 142].

4