UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
                                      :

JUDY W. SOLEY,                     :
                Plaintiff,        :
                                          :

    -against-                 :           08-CV-9262 (KMW) (FM)
                                        :           <u>OPINION & ORDER</u>

PETER J. WASSERMAN,        :
                  Defendant.    :
                                        :
----------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

On October 29, 2008, Plaintiff Judy W. Soley filed this action against her brother,

Defendant Peter J. Wasserman, asserting a variety of claims arising out Wasserman's conduct as

Soley's financial advisor over the past three decades.  Defendant now moves to vacate the Clerk

of Court's award of taxable costs to Plaintiff following Plaintiff's judgment award on two of

those claims.  For the following reasons, the Court DENIES Defendant's motion for vacatur.

I.      **BACKGROUND**

a.  **Procedural History**

On May 10, 2010, Plaintiff filed an amended complaint in this case stating five claims

against Defendant: (1) breach of an implied-in-fact contract; (2) breach of fiduciary duty; (3)

common law fraud; (4) accounting; and (5) alter ego liability.  Thereafter, the Court granted

Defendant's motion to dismiss with respect to all but two claims: breach of fiduciary duty and

accounting.  *Soley v. Wasserman*, 823 F. Supp. 2d 221, 225 (S.D.N.Y. 2011) (Wood, J.).  Both of

these claims, although somewhat narrowed, remained after the Court denied parts of Defendant's

motion for summary judgment.  *Soley v. Wasserman*, No. 08 Civ. 9262, 2013 WL 526732, at *3–

8 (S.D.N.Y. Feb. 13, 2013) (Wood, J.).  Following a jury trial, the jury awarded Plaintiff $79,848

in damages on the breach of fiduciary duty claim, and $50,000 in punitive damages.  *Soley v. Wasserman*, 2013 WL 5780814, at *1 (S.D.N.Y. Oct. 24, 2013) (Wood, J.).

On December 6, 2013, the Court ordered Defendant to account to Plaintiff.  *Soley v. Wasserman*, 2013 WL 6388401 (S.D.N.Y. Dec. 6, 2013) (Wood, J.).  Pursuant to that accounting, on May 19, 2014, the Court ordered Defendant to transfer to Plaintiff 1,333 shares of Apricus BioSciences, and $85,862 of the Neurobiological Technologies sale proceeds.  *See* (May 19, 2014 Order [Dkt. No. 160]).

### b.  Recent Proceedings

On July 16, 2014, Plaintiff filed a Bill of Costs and moved the Clerk of Court ("Clerk") for an award of those costs pursuant to Federal Rule of Civil Procedure 54(d).  On July 31, 2014, the Clerk awarded Plaintiff $13,056.15 in taxable costs.  (Bill of Costs [Dkt. No. 180] at 1).  On August 1, 2014, Defendant asked the Court for vacatur of the Clerk's award, arguing that Plaintiff was not the "prevailing party."  (Toefel 8/1 Ltr. [Dkt. No. 181] at 1–2).  Alternatively, Defendant sought a reduction of costs, claiming that the Clerk awarded to Plaintiff costs that are not taxable under Rule 54(d), 28 U.S.C. § 1920, or Local Rule 54.1.  *Id.*  Plaintiff has not responded to Defendant's objections.

On August 19, 2014, Defendant noticed the Court that he was appealing the Clerk's award of costs to the Second Circuit.  (Notice of Cross-Appeal [Dkt. No. 188] at 1).  Defendant's appeal was taken before this Court had the opportunity to decide the instant dispute.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  These costs are often referred to as "taxable costs."  District courts

review de novo a litigant's appeal of a Clerk's award of costs.  *See Owen v. Georgia-Pacific Corp.*, No. Civ. 303CV378, 2005 WL 3542407, at *1 (D. Conn. Nov. 28, 2005) (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 453 (3rd Cir. 2000)).  The decision to award costs to the prevailing party under Rule 54(d) "rests within the sound discretion of the district court." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

"The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified."  *John G. v. Bd. of Educ. of Mt. Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995) (Parker, J.).  However, "[a]fter the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded."  *Patterson v. McCarron*, No. 99 Civ. 11078, 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005) (Casey, J.) (citations omitted); *see also Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) ("[T]he losing party has the burden to show that costs should not be imposed . . . .").

## III.    ANALYSIS

### a.  Defendant's Appeal Does Not Divest the Court of Jurisdiction

Defendant appealed to the Second Circuit the Clerk's award of costs only eighteen days after Defendant asked this Court to review that decision, and before this Court had the opportunity to issue a decision on Defendant's motion for vacatur.  *See* (Notice of Cross-Appeal 1).  Therefore, as an initial matter, the Court must ascertain whether it retains jurisdiction to decide Defendant's motion.  The Court finds Defendant's appeal improper, and thus holds that it maintains jurisdiction over Defendant's motion.

Normally, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

3

appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  This, however, is

a judicially crafted rule "guided by concerns of efficiency," whose application "is not

automatic."  *United States v. Rogers*, 101 F.3d 247, 251 (2d Cir. 1996).  Improper appeals, which

are inherently inefficient, are not covered by the rule.  *Id.* at 252 ("We fail to see any efficiency

in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized

notice of appeal which confers on this court the power to do nothing but dismiss the appeal.").  If

Defendant's appeal is improper, therefore, the Court maintains jurisdiction over the motion.

 Defendant's appeal is improper because the authority to review a clerk of court's decision

lies, in the first instance, exclusively with the district court.  Federal Rule of Civil Procedure 77,

which defines the powers of a clerk of court, states that those powers are "[s]ubject to the court's

power to suspend, alter, or rescind the clerk's action for good cause."  The structure of the

Federal Rules of Civil Procedure makes clear that the "court" referred to in Rule 77 is the district

court.  Rule 77 falls within Title X of the Federal Rules, which is titled "District Courts and

Clerks: Conducting Business; Issuing Orders."  Given that statutory context, the Court reads

Rule 77's mention of "the court" as referring to the district court.

 This interpretation of Rule 77 makes sense given a district court's proximity to the facts

of a case.  "[T]he district judge is closer to the evidence," *Gasperini v. Ctr. for Humanities, Inc.*,

149 F.3d 137, 141 (2d Cir. 1998), and is therefore well-suited to make fact-intensive

determinations.  *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 233 (1991) (describing "the

unchallenged superiority of a district court's factfinding ability"); *see also McDonald ex rel.*

*Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir.

2006) (noting "the district court's inherent institutional advantages" when it comes to fee award

determinations).  Because the review of a clerk of court's decision is inherently factual, that

review should be performed in the first instance by the district court, which can create the complete factual record necessary for effective appellate review.

The Court holds that Defendant's appeal to the Second Circuit was improper. As such, the Court retains jurisdiction over Defendant's motion.

### b. The Clerk Correctly Found Plaintiff to be the Prevailing Party

The Clerk determined that Plaintiff is the "prevailing party" for the purposes of Rule 54(d). *See* (Bill of Costs). Defendant objects to this determination. *See* (Def's Objs. 2–4). The Court agrees with the Clerk's decision and finds Plaintiff to be the prevailing party.

Courts in this district take two different approaches to prevailing party determinations. Many courts deem a plaintiff to be the prevailing party and award full costs when she was successful on at least one of her claims, regardless of how those claims relate to each other. *See Avnet, Inc. v. Am. Motorists Ins. Co.*, No. 87 Civ. 0758, 1990 WL 201651, at *1 (S.D.N.Y. Dec. 5, 1990) (Restani, J.) ("If a plaintiff recovers a judgment, generally he is the prevailing party, even if he has failed to succeed on all his claims."); *Ryan v. Arabian Am. Oil Co.*, 18 F.R.D. 206, 207 (S.D.N.Y. 1955) (Bondy, C.J.) ("[S]ince plaintiff recovered a judgment he is the prevailing party, even though he failed to sustain all his claims . . . ."); *see also Baim v. Notto*, 316 F. Supp. 2d 113, 116 & n.4 (N.D.N.Y. 2003) ("Though plaintiff . . . obtain[ed] a favorable verdict against only one defendant on only one claim, he is still entitled to prevailing party status."); *cf. Dingle v. City of New York*, 10 CIV. 4 SAS, 2012 WL 1339490, at *8 (S.D.N.Y. Apr. 17, 2012) (Scheindlin, J.) (awarding costs to a plaintiff as the prevailing party who only recovered $1 in nominal damages); *LaBounty v. Rivera*, 95 CIV. 2617, 1999 WL 1129063, at *8 (S.D.N.Y. Dec. 8, 1999) (Cote, J.) ("[A]n award of nominal damages allows a plaintiff to recover costs as the

'prevailing party'. . . .").  Plaintiff prevailed on two of her claims and is therefore the prevailing party under this standard.

Some courts, however, determine the prevailing party and award costs by assessing whether a plaintiff's claims relate to the same underlying conduct.  "Where a plaintiff has brought an action based on several theories of recovery" for the same basic set of facts, virtually all courts deem the plaintiff the prevailing party entitled to full costs even if she "prevails on only one theory."  *E.E.O.C. v. Colgate-Palmolive Co.*, 617 F. Supp. 843, 844 (S.D.N.Y. 1985) (Sweet, J.) (citations omitted).  But where a plaintiff's claims are more factually distinct, certain courts "have recognized that it is inappropriate to award full costs when plaintiffs have prevailed on only a small portion of those claims," and will apportion costs accordingly.  *Id.*; *see also Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Aircraft Corp.*, 534 F.2d 422, 447–48 (2d Cir. 1975) (asserting that "it is axiomatic that a plaintiff need not sustain his entire claim to be regarded as the prevailing party," but noting that "[t]he district court may well have been within the bounds of its discretion if it had apportioned costs between the parties"); *TIG Ins. Co. v. Newmont Min. Corp.*, 413 F. Supp. 2d 273, 282 (S.D.N.Y. 2005) (Scheindlin, J.), *aff'd*, 226 F. App'x 49 (2d Cir. 2007) ("Court[s] must first analyze 'the true scope of the dispute litigated' and then compare 'what each party achieved within that scope.'" (quoting *Botwinick v. Duck Corp.*, 700 N.Y.S.2d 143, 145 (App. Div. 1999)).

Even under this more searching standard, Plaintiff is still the prevailing party.  Plaintiff's suit is not one that offers several unrelated, individual claims which happen to be against the same Defendant.  Rather, Plaintiff's claim is based entirely on the Defendant's allegedly improper treatment of her finances.  Although Plaintiff offered several theories of recovery—including breach of contract, fraud, and breach of fiduciary duty—each theory was based on the

same basic set of facts. The Court, therefore, views Plaintiff's claims as offering multiple theories of relief for the same underlying conduct. Plaintiff prevailed on two of the five theories offered. That is sufficient for the Court to award Plaintiff prevailing party status and full costs.

Once a party is deemed prevailing, the award of costs is the "norm, not an exception." *Commer v. McEntee*, 2007 WL 2327065, at *1 (S.D.N.Y. Aug. 13, 2007) (Sweet, J.). Defendant has offered no argument as to why Plaintiff should be denied costs despite being the prevailing party. Accordingly, the Court denies Defendant's motion for vacatur of the Clerk's decision finding Plaintiff the prevailing party and awarding her taxable costs.[1]

---

[1] Defendant also argues that Plaintiff's Bill of Costs demand should be dismissed as untimely because Defendant was not served with the minimum amount of notice required by Rule 54(d)(1). *See* (Def's Objs. 1). The relevant portion of Rule 54(d)(1), which concerns costs other than attorney's fees, states: "[C]osts . . . should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice." Plaintiff filed her Bill of Costs on July 16, 2014, and asked the Clerk to tax the costs on July 30, 2014. The Clerk did not do so until July 31, 2014. Defendant alleges that Plaintiff's July 16 filing contained only notice of Plaintiff's motion, and that Defendant did not receive Plaintiff's actual submissions until July 17, 2014. Defendant therefore argues that he was given only thirteen days' notice—one day short of what is required under Rule 54(d)(1).

The Court finds Defendant's arguments unpersuasive. As an initial matter, it is unclear whether the purpose of the fourteen-day notice period is to warn the opposing party of the movant's motion for taxable costs, or whether it simply provides a timeline by which the Clerk of Court is to award costs. At least one court has read the provision to do only the latter. *See Sullivan v. Warminster Twp.*, CIV.A. 07-4447, 2013 WL 1934532, at *4 (E.D. Pa. May 9, 2013) (asserting that the fourteen-day notice provision in Rule 54(d)(1) "simply provides a timeline for when the Clerk may tax costs"); *see also* Clerk's Office Procedural Handbook, U.S. Dist. Court for the E.D. Pa. 47–48 (Sept. 2012) ("The section of Federal Rule of Civil Procedure 54(d)(1) requiring fourteen days' notice simply means that at least fourteen days must elapse between the filing of the bill of costs and the taxing of costs; as a practical matter, it is usually necessary in the Eastern District of Pennsylvania for much more than fourteen days to process a taxation of costs request . . . . "). *But see Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004) (noting that one of the purposes behind a similar fourteen-day notice provision in Rule 54(d)(2)(B), which concerns attorney's fees, is "to provide notice of the fee motion to the non-movant before the time to appeal expires"). If the fourteen-day notice period in Rule 54(d)(1) provides a timeline only for the Clerk of Court, Defendant has no authority to question the timeliness of Plaintiff's filing.

Regardless of how the fourteen-day notice period in Rule 54(d)(1) is interpreted, failure to provide such notice is not, as Defendant alleges, "a fatal procedural defect," (Def's Objs. 2). *See Cohen v. Bank of N.Y. Mellon Corp.*, 11-CV-0456, 2014 WL 1652229, at *4 (S.D.N.Y. Apr. 24, 2014) (Abrams, J.) ("[I]t is widely recognized . . . that the time limitations in Rule 54(d)(1) are not jurisdictional, and that courts have discretion to entertain untimely motions." (internal quotation marks omitted)); *see also In re City of New York*, CV-03-6049, 2011 WL 7145228, at *8 (E.D.N.Y. Dec. 2, 2011), *report and recommendation adopted* (Jan. 19, 2012) ("The purpose of Rule 54 is to give an adversary notice of the intention to move for fees in advance of the expiration of the time to appeal." (citing 10 Moore's Federal Practice § 54.151 (3d ed.))). Defendant was provided notice sufficient to serve the purpose of Rule 54(d)(1). Under Defendant's own conception of the timings involved, Defendant admits that he was given fourteen days' notice of Plaintiff's Bill of Costs motion. Even if he did not have the motion itself until a day later, Defendant was appropriately put on notice of Plaintiff's motion, and that is sufficient notice for purposes of Rule 54(d)(1).

**c.   The Clerk Correctly Awarded Specific Taxable Costs to Plaintiff**

Defendant also argues that even if Plaintiff is the prevailing party here, the Clerk improperly awarded costs to which Plaintiff is not legally entitled.  *See* (Def's Objs. 4–8).  The Court has reviewed the Clerk's decision and finds it to be both thorough and reasonable.

The annotations made by the Clerk on Plaintiff's Bill of Costs submission illustrate the careful manner in which the Clerk used her experience and expertise to review both Plaintiff's submissions and Defendant's objections.  Defendant submitted to the Clerk a long list of cost objections.  The Clerk appears to have reviewed these objections and agreed with many of them. *Compare, e.g.*, (Def's Objs. 5–6) (objecting to Plaintiff's claim of costs for a hearing transcript), *and* (Def's Objs. 5) (objecting to Plaintiff's claim of costs for real-time trial transcripts), *with* (Bill of Costs, Schedule C (annotated by Clerk)) [Dkt. No. 180] (denying hearing transcript cost submitted by Plaintiff), *and* (Bill of Costs, Schedule C (annotated by Clerk)) (denying all "Real Time Unedited Transcript" costs submitted by Plaintiff).  She then reduced Plaintiff's cost award accordingly.  *See* (Bill of Costs).  Therefore, with two small exceptions noted below, the Court affirms the Clerk's award of specific taxable costs to Plaintiff.

Two of Defendant's objections require some additional attention, however.  First, Defendant alleges that the $40 witness fee Plaintiff claims was paid to witness Barry Kamras was not, in fact, paid.  Second, Defendant objects to all of Plaintiff's claims for "docket fees."[2] These costs have been reduced by the Clerk and now total $20.  As to the first objection, the only evidence Plaintiff submitted for this charge was an email sent from Plaintiff's counsel acknowledging the cost, as well as a portion of what appears to be a redacted bank statement

---

[2] Defendant refers to these fees as "attorneys fees" and argues that they should be denied Plaintiff because the Court already denied Plaintiff's request for attorney's fees. *See* (Def's Objs. 8); (July 28, 2014 Order [Dkt. No. 179]).  However, all of Plaintiff's submissions refer to these fees as docket fees and Defendants have presented no evidence as to why they should be viewed otherwise by the Court.

which shows an unspecified debit from the checking account of Plaintiff's counsel's law firm. *See* (Bill of Costs, Schedule C). As to the second objection, the Plaintiff does not appear to have provided any evidence at all that she paid the claimed docket fees.

Accordingly, the Court affirms the entirety of the Clerk's award of costs to Plaintiff, contingent on Plaintiff submitting sufficient proof that she paid both the $40 witness fee to Barry Kamras and Plaintiff's claimed docket fees. This proof must be submitted to the Court by October 24, 2014. If Plaintiff fails to provide the Court with this proof, the Court will affirm the Clerk's award of costs as to everything but these fees.

## IV.    CONCLUSION

For the foregoing reasons the Court DENIES Defendant's motion for vacatur. This Opinion resolves Docket Number 181.


SO ORDERED.


DATED:        New York, New York
              September 25, 2014


                                        _____/s/_____
                                             KIMBA M. WOOD
                                        United States District Judge

9